IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                          Case No. 24-CR-693-DHU

ALEK ISAIAH COLLINS,

      Defendant.


UNOPPOSED MOTION FOR AN ORDER TO MAINTAIN CONFIDENTIAL
THE IDENTIFICATION OF AND INFORMATION ABOUT DEFENSE
EXPERTS AND PROFESSIONALS

Defendant Alek Isaiah Collins, by and through his counsel of record, Emily P. Carey, Buck Glanz, and Jacqueline Walsh, respectfully requests that this Court enter an order prohibiting jail and prison staff from disclosing to the United States and its agents the identity of, or other information about, defense experts, consultants, or other non-attorney professionals who meet with Mr. Collins at their respective facilities. The United States does not oppose this request. As grounds, counsel state:

Mr. Collins is charged in an Indictment with one count of kidnapping of a minor in violation of 18 U.S.C. §§ 1201(a)(1) and (g), and one count of using and carrying a firearm during and in relation to a crime of violence and discharging said firearm in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii). (*See* Indictment, Doc. 13). The United States has represented that it intends to supersede the current indictment with kidnapping resulting in death, an offense that carries a potential penalty of death. Currently, Mr. Collins is committed to the custody of the Attorney General for treatment under 18 U.S.C. § 4241(d).

Exposure to the death penalty places a burden upon the defense to retain highly qualified and specialized experts to prepare for any potential penalty phase and to ensure that such experts may gather sufficient and appropriate information upon which to base their opinions. The U.S. Supreme Court's jurisprudence emphasizes the importance of a thorough investigation in preparation for the sentencing phase of a capital trial. In *Williams v. Taylor,* 529 U.S. 362 (2000), *Wiggins v. Smith*, 539 U.S. 510 (2003), and *Rompilla v. Beard,* 545 U.S. 374 (2005), counsel conducted some investigatory inquiries, but the Court required a more robust, complete investigation, tethered at a minimum to the norms of adequate investigation articulated by the American Bar Association Standards for Criminal Justice. In each case, the Supreme Court overturned the death sentence because of counsels' deficient investigations.

Given the mandate for a thorough and complete mitigation investigation in capital cases, the defense anticipates the need for consulting experts, testifying experts, or other defense team members to meet with Mr. Collins to gather necessary information and to provide effective assistance. The identity of, and any information pertaining to, these professionals is protected by attorney-client privilege and the attorney work-product doctrine. Should Mr. Collins seek to elicit testimony from any such non-attorney professional, he will comply with applicable disclosure rules and relevant case law.

The attorney-client privilege "protects confidential communications by a client to an attorney made in order to obtain legal assistance form the attorney in his capacity as legal advisor." *In re Grand Jury Proceedings,* 616 F3d 1172, 1182 (10th Cir. 2010). "[T]he presence of a third party will not necessarily destroy the attorney-client privilege if the third-party is the attorney's or client's agent." *United States v. Clark,* 2024 WL 4555627 (D.N.M. Oct. 22, 2024). Defense experts and consultants are agents of the defense. *See, e.g., Roe v. Catholic Health Initiatives Colorado,*

281 F.R.D. 632, 637 (D. Colo 2012) (applying the rational in *Upjohn Co. v. United States*, 449

U.S. 383, 391-92 and holding that "confidential communications between a party's counsel and

non-testifying expert or consultant, hired in anticipation of litigation, are protected by the attorney-

client privilege"); *United States Postal Serv. v. Phelps Dodge Refining Corp.*, 852 F. Supp. 156,

161 (E.D.N.Y. 1994) (attorney-client privilege may cover "communications made to agents of an

attorney…hired to assist in the rendition of legal services").

The attorney work-privilege protects "certain materials prepared by any attorney acting for

his client in anticipation of litigation." *United States v. Nobles*, 422 U.S. 225, 238 (1975). The

privilege is "based on the recognition that it is essential that a lawyer work with a certain degree

of privacy, free from necessary intrusion by opposing parties and their counsel." *Clark*, 2024 WL

4555627, *1 (internal quotation marks and citation omitted). This privilege also extends to reports

and other information authored by an agent of defense counsel in anticipation of litigation. *Id*. Any

information about experts or consultants hired by the defense to meet with Mr. Collins, including

their identities, could include counsels' mental impressions, could reveal defense strategy, and

constitutes attorney-client work product.

Requiring Mr. Collins to disclose information regarding potential mitigation experts that

might be called for a potential penalty phase hearing also implicates Mr. Collins' Fifth Amendment

Due Process rights and his Sixth Amendment right to assistance of counsel. Premature disclosure

of the identity of potential expert witnesses interferes with Mr. Collins' right to the assistance of

his attorneys to prepare his defense. *See, e.g., United States v. McCluskey,* 2013 WL 12329717,

*1 (D.N.M. July 2, 2013) (concluding that the government was not entitled to disclosure of the

defendant's penalty phase witnesses until after conclusion of the guilt phase if the jury returns a

guilty verdict). Should this case proceed to a penalty phase, the parties anticipate submitting a

scheduling order to address witness and expert disclosures in accordance with the Federal Rules of Criminal Procedure and applicable case law.

To protect these privileges and Mr. Collins' constitutional rights, Mr. Collins requests an Order directing staff at any detention facility at which Mr. Collins is housed during the pendency of this matter, from revealing to the United States or its agents, the identity of, or information about, any defense experts, consultants, defense team member, or other professionals who may meet with Mr. Collins while he is detained. This would include prohibiting the United States or its agents from seeking access to the visit logbooks retained for such attorney/non-attorney professional visits until further order from the Court.

Respectfully Submitted,
**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

***Electronically filed June 5, 2025***
/s/ Emily P. Carey_____
Assistant Federal Public Defender

/s/ Buck Glanz_____
Assistant Federal Public Defender

/s/ Jacqueline Walsh (with consent)
Jacqueline Walsh
Walsh & Larranaga
705 2nd Ave, Suite 501
Seattle, WA 98104
(206) 325-7900

4